**In the Matter of Proposed Ballot Title of State Question Number 556, Initiative Petition Number 317.**

**Jerry T. PIERCE, Appellant,**

**v.**

**Jan Eric CARTWRIGHT, Attorney General of Oklahoma, Appellee.**

**In the Matter of Proposed Ballot Title of State Question Number 556, Initiative Petition Number 317.**

**Kenneth R. NANCE, Appellant,**

**v.**

**Jan Eric CARTWRIGHT, Attorney General of Oklahoma, Appellee.**

**Nos. 57411, 57408.**

Supreme Court of Oklahoma.

Dec. 8, 1981.

Jerry T. Pierce, Bartlesville, and Thomas J. Kenan, G. Dan Rambo, Jerry D. Sokolosky, Oklahoma City, for appellants.

Jan Eric Cartwright, Atty. Gen., James B. Franks, Asst. Atty. Gen., Oklahoma City, for appellees.

BARNES, Vice Chief Justice:

Case No. 57,411 and Case No. 57,408 are hereby consolidated for merit determination by this Court under the surviving number of 57,411.

This is an appeal by Appellants upon the question of the sufficiency of the proposed ballot title submitted by the Attorney General upon State Question Number 556, Initiative Petition Number 317.

The Attorney General filed motions to dismiss these cases on the grounds that (1) the substitute ballot title prepared by the Attorney General was sufficient and should therefore be approved and adopted by this Court; (2) that Appellant, Jerry T. Pierce, lacked standing to bring this appeal; (3) that no appeal is permitted from the action of the Attorney General in a ballot title matter; and (4) that State Question Number 556, Initiative Petition Number 317, had not been lawfully propounded.

■ We decline to dismiss this appeal. As will be discussed further later, the Attorney General's first allegation is without merit because his substitute ballot title is legally insufficient, as it is deceptive and misleading. The Attorney General's other three allegations in his motion to dismiss are also without merit. The Attorney General argues in his motion to dismiss that only "persons" under 34 O.S.Supp.1975, § 10(A), have standing to bring a ballot title appeal, and that the Appellant is not Jerry T. Pierce but the Bipartisan Committee for Fair Redistricting, and therefore not a "person" within the meaning of the statute. The petition, however, reflects that Jerry T. Pierce, as a person and as Chairman of the Committee, is clearly named and separately identified as one of the petitioners who filed the petition for review of Initiative Petition Ballot Title, and thus has standing to bring this appeal.

■ The Attorney General further argues in his motion to dismiss that Appellant, Jerry T. Pierce, is appealing the ruling of the Attorney General in disapproving the title submitted by the proponent and not appealing from the title prepared by the Attorney General, and thus Appellant Jerry T. Pierce's appeal is unauthorized by law.[1] Appellant's petition clearly reflects that he is appealing the ballot title proposed by the Attorney General on the grounds that it does not comply with requirements set out in 34 O.S.Supp.1975, § 9(A), i.e., it does not "contain the gist of the proposition couched in language that may be readily understood by persons not engaged in the practice of law."

■ Lastly, the Attorney General contends in his motion to dismiss that the unincorporated voluntary association of the Bipartisan Committee for Fair Redistricting is the proponent of the Initiative Petition Number 317 and is not a citizen pursuant to the requirement of 34 O.S.Supp.1975, § 8, which provides that only citizens may commence an initiative measure. As shown by submittal letters of August 31, 1981, State Question Number 556, Initiative Petition Number 317, was propounded and filed on August 31, 1981, by Jerry T. Pierce, expressly "for himself and all other interested citizens of Oklahoma", thus the initiative measure was lawfully propounded.

For all of the above stated reasons, the Attorney General's motion to dismiss is hereby denied. Since all parties adequately briefed the merits of this appeal as to the sufficiency of the Attorney General's substitute ballot title in the motion to dismiss and responses thereto, no further briefs in this case would be of any benefit. We therefore proceed to the merit determination of whether the substitute ballot title submitted by the Attorney General was sufficient under the requirements of 14 O.S. Supp.1975, § 9(A).[2]

1. *In re State Question Number 236, Referendum Petition Number 73*, 183 Okl. 355, 83 P.2d 572 (1938).

2. Title 34 O.S.Supp.1975, § 9(A), provides in pertinent part:
"... a ballot title of not exceeding one hundred and fifty (150) words, which shall contain the gist of the proposition couched in language that may be readily understood by persons not

engaged in the practice of law. The ballot title shall not reflect partiality in its composition or contain any argument for or against such measure. Each ballot title shall contain language which clearly states that a 'yes' vote is a vote in favor of the proposition and a 'no' vote

The substitute ballot title filed by the Attorney General is as follows:

"THE GIST OF THE PROPOSITION IS AS FOLLOWS:

Shall a statute relating to Congressional Districts:

REPEALING PRIOR STATE LEGISLATION WHICH ESTABLISHED AND FIXED THE BOUNDARIES OF CONGRESSIONAL DISTRICTS; CREATING NEW CONGRESSIONAL DISTRICTS AND FIXING THEIR BOUNDARIES; AND, PROVIDING AN EXCEPTION FROM ITS OPERATION FOR ANY OTHER GOVERNMENTAL ENTITIES WHOSE MEMBERSHIP IS BASED UPON EXISTING CONGRESSIONAL DISTRICTS CREATED BY PRIOR LAW

be adopted by the people?

SHALL THE PROPOSED STATUTE BE APPROVED?

☐ YES – FOR THE STATUTE

☐ NO – AGAINST THE STATUTE"

The ballot title offered by the Appellant, Jerry T. Pierce, is as follows:

"THE GIST OF THE PROPOSITION IS AS FOLLOWS:

Shall a statute:

WHICH (1) REPEALS THE CONGRESSIONAL DISTRICTS AND BOUNDARIES CREATED BY THE STATE LEGISLATURE IN 1981, AND (2) CREATES NEW CONGRESSIONAL DISTRICTS AND BOUNDARIES

be approved by the people?

SHALL THE PROPOSED STATUTE BE APPROVED?

☐ YES – FOR THE STATUTE

☐ NO – AGAINST THE STATUTE"

The ballot title offered by Appellant, Kenneth R. Nance, is as follows:

"THE GIST OF THE PROPOSITION IS AS FOLLOWS:

Shall a statute:

REPEALING EXISTING LAW THAT ESTABLISHES BOUNDARIES FOR OKLAHOMA'S CONGRESSIONAL DISTRICTS; ESTABLISHING DIFFERENT BOUNDARIES FOR CONGRESSIONAL DISTRICTS AND THE DISTRICTS FOR THE JUDGES OF THE APPELLATE COURT; PROVIDING FOR THE CONTINUED OPERATION OF STATE ENTITIES WHOSE MEMBERSHIP IS BASED UPON THE EXISTING CONGRESSIONAL DISTRICTS; PRO-

is a vote against the proposition. No ballot title shall contain language whereby a 'yes' vote is, in fact, a vote against the proposition and a 'no' vote is, in fact, a vote in favor of the proposition."

VIDING THAT THE LEGISLATURE IS TO CORRECT ANY ERROR IN SUCH STATUTE THAT RESULTS IN AN AREA BEING PLACED IN A CONGRESSIONAL DISTRICT TO WHICH IT IS NOT CONTIGUOUS; MAKING EFFECTIVE THE NEW CONGRESSIONAL DISTRICTS IN JANUARY 1983 AND REQUIRING 1982 CONGRESSIONAL ELECTIONS TO BE HELD IN SUCH DISTRICTS; AND DIRECTING THE STATE ELECTION BOARD TO COMPLY WITH ITS PROVISIONS

be approved by the people?

SHALL THE PROPOSED STATUTE BE APPROVED?

☐ YES – FOR THE STATUTE

☐ NO – AGAINST THE STATUTE"

■ With the exception of the phrase, "PROVIDING AN EXCEPTION FROM ITS OPERATION FOR ANY OTHER GOVERNMENTAL ENTITIES WHOSE MEMBERSHIP IS BASED UPON EXISTING CONGRESSIONAL DISTRICTS CREATED BY PRIOR LAW", the substitute ballot title filed by the Attorney General substantially gives the gist of the proposition stated in the initiative petition.

We are of the opinion that the above quoted phrase is deceptive and misleading and therefore insufficient under the law.[3]

State Question Number 556 provides in Section 3 as follows:

"SECTION 3. This act shall not affect the operation of any board, commission or other entity whose membership is based upon Congressional Districts which have heretofore been created by law."

This Section apparently is intended to make clear that existing boards, committees or other governmental entities whose memberships are defined by or related to congressional districts shall continue to function with their operations unimpeded by the altering of the boundaries of Oklahoma's six congressional districts by State Question Number 556. The members of such boards, commissions or other governmental entities would not have to resign and be re-elected or be reappointed as a consequence of the

3. See *Arthur v. City of Stillwater*, 611 P.2d 637, at 643 (1980).

adoption of State Question Number 556. It appears that by this provision it was intended that State Question Number 556 will apply to such boards, commissions or entities, but will not immediately affect their composition.

Unfortunately, the Attorney General's ballot title states that "OTHER GOVERNMENTAL ENTITIES WHOSE MEMBERSHIP IS BASED UPON EXISTING CONGRESSIONAL DISTRICTS" are excepted from the operation of the State Question. He states, in effect, that the membership of boards, commissions and other entities whose membership is based upon congressional districts shall continue to be elected or appointed on the basis of "EXISTING CONGRESSIONAL DISTRICTS CREATED BY PRIOR LAW". There is a definite distinction between saying that a law will not affect the operation of a board and saying that a board is excepted from the operation of the law. Thus, the Attorney General's ballot title misstates one of the effects of the adoption of State Question Number 556 and is deceptive and misleading. For this reason, we are not adopting the substitute ballot title filed by the Attorney General, but at the same time we decline to adopt the proposed title submitted by Appellant, Jerry T. Pierce, as his ballot title makes no mention of the operation of governmental entities.

In *Arthur v. City of Stillwater*, 611 P.2d 637 (1980), we stated that:

"[T]he ballot submitted to popular vote by the electorate must be in a form to permit the voter to reach an informed decision whether to approve or disapprove the measure. The question must be specific, but it need not include the proposition from beginning to end. It is sufficient if enough is printed to identify the subject matter and to reflect the character and purpose of the proposition. Generally, the requirement concerning submission of ballot propositions is that the question not be deceptive or misleading, and that it be free from uncertainty and ambiguity. The test is whether the voters are afforded an opportunity fairly to express their will, and whether the question is sufficiently definite to apprise the voters with substantial accuracy as to what they are asked to approve." *Id.* at 643. [Footnotes omitted]

Since we have declined to adopt the ballot titles heretofore offered, it becomes our duty under 34 O.S.Supp.1975, § 10(A), to prepare a new ballot title, as therein directed.

In accordance therewith, we are of the opinion that the following ballot title, as prepared by the Court, should be adopted:

"BALLOT TITLE

Initiative Petition Number 317        State Question Number 556

THE GIST OF THE PROPOSITION IS AS FOLLOWS:

Shall a statute relating to congressional districts:

REPEALING PRIOR STATE LEGISLATION WHICH ESTABLISHED THE BOUNDARIES OF CONGRESSIONAL DISTRICTS; CREATING NEW CONGRESSIONAL DISTRICTS AND ESTABLISHING THEIR BOUNDARIES; AND PROVIDING FOR THE CONTINUED OPERATION OF STATE ENTITIES WHOSE MEMBERSHIP IS BASED UPON THE EXISTING CONGRESSIONAL DISTRICTS CREATED BY PRIOR LAW

be approved by the people?

SHALL THE PROPOSED STATUTE BE APPROVED?

☐   YES  –  FOR THE STATUTE

☐   NO  –  AGAINST THE STATUTE"

We therefore approve and adopt same as a proper ballot title.

It is so ordered, and the cause is remanded to the Secretary of State.

IRWIN, C. J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.